```
 1  DANIEL J. BRODERICK, Bar #89424
    Federal Defender
 2  DAVID M. PORTER, Bar #127024
    Assistant Federal Defender
 3  801 I Street, 3rd Floor
    Sacramento, California 95814
 4  Telephone: (916) 498-5700

 5  Attorney for Defendant
    LORENZO AUSTIN
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. Cr. S 05-269 LKK |
| Plaintiff, | **ORDER GRANTING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| v. | |
| LORENZO AUSTIN, | |
| Defendant. | **Honorable Lawrence K. Karlton** |

On December 8, 2009, the above-entitled matter came before the Court for hearing on Mr. Austin's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). That statute authorizes the Court to reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The government contends that this case is controlled by *United States v. Bride*, 581 F.3d 888 (9th Cir. 2009). The Court disagrees. First, the Ninth Circuit in *Bride* specifically noted that it was not reaching the issue of whether relief in a Section 3582(c)(2) proceeding is necessarily precluded when a district court imposes a sentence pursuant to a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). *Id*. at 891 n.5.

1  Second, *Bride* is plainly distinguishable on its facts.  In that
2 case, the applicable guideline range was 360 months to life;
3 nevertheless, the court sentenced the defendant to the 19-year term
4 agreed upon by the parties in the binding plea agreement.  The Ninth
5 Circuit emphasized that "the terms of the plea agreement are key to
6 determining whether the defendant's sentence was, in fact, based on a
7 sentencing range that was later reduced by the Sentencing Commission."
8 *Id*. at 891.  The fact that the defendant received a sentence that was
9 "a full eleven years" shorter than the low-end of the applicable
10 Guidelines sentencing range demonstrated that the defendant's sentence
11 was based on the agreement between the parties rather than on a
12 guidelines sentencing range.  *Ibid*.  In this case, by contrast, Mr.
13 Austin was facing a guideline range of 168 to 210 months on count one,
14 and the term of 144 months the Court imposed on that count represents a
15 15% downward departure from the bottom of the applicable guideline
16 range.

17  In accordance with *Bride*, this Court has carefully examined the
18 terms of the plea agreement.  In paragraph 11 of the agreement, the
19 government agreed "not to seek an upward departure from *the applicable*
20 *guideline range* at the time of sentence," and defendant similarly
21 agreed "not to seek a downward adjustment from *the applicable guideline*
22 *range*," with exceptions not relevant to the current motion.  Plea
23 agreement at p. 6 (emphasis added).  If the terms of Mr. Austin's
24 imprisonment were based solely on the parties' agreement, as the
25 government contends, there would have been no need to limit the
26 parties' ability to seek adjustments (either downward or upward) at the
27 time of sentencing.

28

ORDER GRANTING MOTION
TO REDUCE SENTENCE

-2-

1    Accordingly, this Court finds that the sentence imposed on Mr.
2 Austin was based on a guideline range subsequently lowered by the
3 United States Sentencing Commission.  The motion to reduce sentence
4 pursuant to 18 U.S.C. § 3582(c)(2) is **GRANTED**.  The defendant is
5 committed to the custody of the United States Bureau of Prisons to be
6 imprisoned for a term of 120 months as to Count 1, and a term of 60
7 months on Count 2, to be served consecutively, for a total term of 180
8 months.  The Clerk shall prepare an amended judgment.

10 Dated:   December 8, 2009

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

ORDER GRANTING MOTION
TO REDUCE SENTENCE

-3-