UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LORENZO AUSTIN,<br><br>Defendant. | No. 2:05-cr-00269-TLN<br><br>**ORDER** |

On May 29, 2015, Defendant Lorenzo Austin ("Defendant") filed a motion with this Court seeking to reduce his sentence pursuant to Retroactive Amendment 782 of United States Sentencing Guideline ("U.S.S.G.") § 1B1.10 and 18 U.S.C. § 3582(c)(2).  (ECF No. 108.)  On August 31, 2015, the United States filed an opposition to Defendant's request.  (ECF No. 113.) The Court has considered the arguments set forth by the parties and finds that Defendant's request for a sentence reduction is denied.

Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, revising the Drug Quantity Table in U.S.S.G. § 2D1.1.  Defendant argues that the amendment applies retroactively to his sentence under 18 U.S.C. § 3582(c)(2). (ECF No. 108 at 1.)  The United States argues that Defendant is not eligible for a reduction because his sentence

was the result of a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). (ECF No. 113 at 3–4.) The Court agrees.

The Ninth Circuit has previously addressed this issue with respect to this Defendant. *U.S. v. Austin*, 676 F.3d 924 (9th Cir. 2012). Generally, a district court lacks jurisdiction to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2) when the defendant has been sentenced pursuant to a Rule 11(c)(1)(C) plea agreement. *Id*. at 926. In assessing an earlier motion by Defendant to reduce his sentence on different grounds, the Ninth Circuit reviewed Defendant's plea agreement and determined that the agreement was formed pursuant to Rule 11(c)(1)(C) and therefore not subject to reduction under 18 U.S.C. § 3582(c)(2). *Id*. at 930. Defendant points out that there are exceptions wherein a sentence under a Rule 11(c)(1)(C) plea agreement is subject to reduction. (ECF No. 108 at 3.) However, the Ninth Circuit has already reviewed Defendant's plea agreement for these exceptions and found that they did not apply. *Austin*, 676 F.3d at 928–930. Therefore, the Ninth Circuit has specifically instructed this Court that Defendant's sentence is not eligible for reduction under 18 U.S.C. § 3582(c)(2) because of his Rule 11(c)(1)(C) plea agreement.

For the reasons set forth above, Defendant's motion to correct or reduce his sentence is hereby DENIED.

IT IS SO ORDERED.

Dated: September 4, 2015

Troy L. Nunley
United States District Judge

2