UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LORENZO AUSTIN,<br><br>Defendant. | No. 2:05-cr-00269-TLN-EFB<br><br>**ORDER** |

On September 29, 2016, Defendant Lorenzo Austin ("Defendant") filed a motion with this Court seeking to reduce his sentence pursuant to Retroactive Amendment 782 of United States Sentencing Guideline ("U.S.S.G.") § 1B1.10 and 18 U.S.C. § 3582(c)(2).  (ECF No. 116.)  On October 17, 2016, the United States filed an opposition to Defendant's request.  (ECF No. 118.)  Defendant filed a reply on October 19, 2016.  (ECF No. 119.)  The Court has considered the arguments set forth by the parties and finds that Defendant's request for a sentence reduction is GRANTED.

**I.   BACKGROUND**

On January 23, 2007,  Defendant pled guilty to Counts 1 and 2 of the Indictment, charging Possession with Intent to Distribute at least 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and Possession of Firearms in Furtherance of Drug Trafficking Crime in violation of 18

1

U.S.C. § 924(c)(1)(A)(i).  (Plea Agreement, ECF No. 63 at 1–2.)  The Plea Agreement was made pursuant to Rule 11(c)(1)(C).  The Presentence Report recommended a base offense level of 34 for Count 1.  (Presentence Report ("PSR") at 7–8.)[1]  Count 2 carries a 60 month term of imprisonment, rather than requiring a guideline calculation.  (PSR at 8.)  The Presentence Report applied a 3-level reduction for acceptance of responsibility and found a total offense level of 31 for Count 1.  (PSR at 8.)  The Presentence Report also found a criminal history category of 5, resulting in a guideline range of 168 to 210 months in prison for Count 1 and a 60 month statutory term for Count 2.  (PSR at 18.)

Judge Karlton held a sentencing hearing on January 23, 2007.  (ECF No. 65.)  The Court followed the Government's recommendation as outlined in the plea agreement and sentenced Defendant to 204 months in prison.  (J. and Commit't, ECF No. 66 ("defendant … to be imprisoned for a term of 144 months as to Count 1, and a term of 60 months as to Count 2, to be served consecutively, for a total term of 204 months").)  The Presentence Report stated that the advisory guideline range was calculated in consideration of the Government's motion for a 204 month confinement term.  (PSR at 22.)

**II.   STANDARD OF LAW**

The Court follows a two-step approach in determining whether a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2).  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.  Specifically, § 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing."  *Id.*  "Courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range' produced by the substitution."  *Id.* (citing § 1B1.10(b)(2)(A)).  *See also U.S. v. Leniear*, 574 F.3d 668, 674 (9th Cir. 2009) (a sentence

---

[1] At the time of Defendant's judgement and sentencing, Presentence Reports were not filed on the docket.  However, the Parties should be in receipt of copies of the report.

2

reduction is not consistent with Guidelines § 1B1.10 if an amendment does not have the effect of lowering the defendant's guideline range).

"At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. "Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Id*. "§ 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission." *Id.* at 831.

### III.  ANALYSIS

Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, revising the Drug Quantity Table in U.S.S.G. § 2D1.1. Defendant argues that the amendment applies retroactively to his sentence under 18 U.S.C. § 3582(c)(2). (ECF No. 116 at 4.) The United States argues that Defendant is ineligible for a reduction because the sentence imposed was not based on the guideline range, but rather on the agreed upon sentence in the plea agreement. (ECF No. 118 at 5–6.) The parties agree that the issue turns on the Court's interpretation of the Ninth Circuit's holding in *United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016) (en banc).

In *Davis*, the Ninth Circuit sitting en banc overruled its previous ruling in *United States v. Austin*, 676 F.3d 924 (9th Cir. 2012). *Austin* adopted Justice Sotomayor's concurring opinion in *Freeman v. United States*, 564 U.S. 522, 534–44 (2011), that a sentence in a case with a plea agreement under Rule 11(c)(1)(C) is made pursuant to the plea agreement and not the sentencing guidelines. *Austin*, 676 F.3d at 926. In so doing, the Ninth Circuit accepted the concurring rather than the plurality opinion. Under *Austin* and its predecessors, a defendant who pleaded guilty under a Rule 11 plea agreement was not eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2). However, in *Davis* the Ninth Circuit instead adopted the plurality opinion in *Freeman* that the judge's decision to adopt the plea agreement is likely based on the sentencing

guidelines. *Davis*, 825 F.3d at 1026. The Ninth Circuit articulated two examples where a defendant subject to a Rule 11(c)(1)(C) agreement is not eligible for a reduction, but those examples are not applicable to this case.

The United States argues that the current matter is distinguishable from *Davis* with respect to the factual analysis. The Court disagrees. In *Davis*, the Ninth Circuit reasoned that the district court had relied on the guidelines because (1) the plea agreement required the judge to determine the applicable sentencing guideline, (2) the agreement stated the base level for the offense, (3) the plea agreement explained guidelines the defendant qualified for, (4) the judge recalculated the guideline offense level at resentencing, and (5) the judge determined the sentence was fair and reasonable under the guidelines. *Id.* Here, the parties did not speculate in the plea agreement what the guideline range would be. Instead, the parties requested a specific term of 17 years, 204 months, in prison. However, Defendant points out that the plea agreement contained language advising the Defendant that the judge was required to consider the guideline range, much as the plea agreement did in *Davis*. (ECF No. 119 at 2.) Furthermore, Judge Karlton found on the record the base offense level and criminal history category and stated that "the total is 228 months but a downward departure to conform with the plea agreement is appropriate." (ECF No. 81 at 5.) The 228 months, 168 on Count 1 and 60 on Count 2, is derived from the Presentence Report and sentencing guidelines, not the parties' agreement. (PSR at. 18.) The very language used "downward departure to conform with the Plea Agreement" further suggests the sentence was based on the guidelines. To read Judge Karlton's ruling as being based on the plea agreement would make his stating of the sentencing guidelines and downward departure unnecessary. The Court will not interpret Judge Karlton's ruling in such a manner. The Court finds the facts in this case are similar to the facts in *Davis*, and thus Defendant is eligible for a sentence reduction.

The parties agree that should the Court find Defendant eligible for a sentence reduction, then the appropriate calculations for Count 1 would yield a base offense level of 25 and a guideline range of 100-125 months in prison. Count 1 carries a statutory minimum of 120 months in prison which falls within the guideline range. The Court finds that the applicable sentence range was reduced by Amendment 782 and Defendant is eligible for a reduction on

1  Count 1 to the statutory minimum of 120 months in prison.  Seeing no policy reasons to deny
2  Defendant a reduction in his sentence, Defendant's motion to reduce his sentence is hereby
3  GRANTED.  Defendant's term shall be reduced to 120 months on Count 1 and 60 months on
4  Count 2, for a total term of 180 months in prison.  The Clerk shall prepare an amended
5  judgement.
6       IT IS SO ORDERED.
7
8  Dated: October 21, 2016

Troy L. Nunley
United States District Judge